SRM

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff/Respondent<br>-vs-<br>**Ricardo Najera-Escobar,**<br>Defendant/Movant | CR-03-1188-PHX-NVW<br>CV-06-1325-PHX-NVW (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Vacate, Set Aside, or**<br>**Correct Sentence Pursuant to**<br>**28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed an Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 14, 2006 (#358). On July 28, 2006, Respondent filed its Response (#360). Movant has not filed a Reply.

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. PRIOR PROCEEDINGS

Movant was charged on November 20, 2003 in a multi-defendant, multi-count Indictment (#43) arising out of an alien smuggling operation. On December 2, 2004, Movant pled guilty before Magistrate Judge Mathis to a single count charging a violation of 18 U.S.C. § 924(c)(1)(A)(ii), Possession (brandishing) of a firearm in relation to a crime of violence (hostage taking). (M.E. 12/2/4, #187; Findings & Recommendation, 12/7/4, #188.) The pleas

- 1 -

was entered pursuant to a written plea agreement (#263). Movant appeared for sentencing before District Judge Wake on March 14, 2005. (M.E. 3/14/05, #261.) Pursuant to the stipulated sentence in the plea agreement, the movant was sentenced to 84 months of imprisonment. The Judgment and Sentence (#262) was pronounced and filed on March 14, 2005, but not docketed until March 17, 2005.

No appeal was ever filed.

### E.  PRESENT MOTION TO VACATE

**Original Motion** - Movant filed his original Motion to Vacate, Set Aside or Correct Sentence on May 18, 2006 (#354), asserting two grounds for relief: (1) ineffective assistance of trial counsel; and (2) enhancements of his sentence were improper. Each ground asserted multiple bases for relief. This original motion was dated May 14, 2006.

On May 26, 2006, the Court dismissed this motion with leave to amend, based upon Movant's failure to provide any factual basis for his claims. (Order 5/26/06, #356.)

**Amended Motion** - Movant filed his Amended Motion on June 14, 2006 (#358). Movant's Amended Motion "contends that: (1) trial counsel was ineffective for failing to advise Movant of the consequences of his guilty plea; (2) trial counsel was ineffective for failing to present certain defenses; (3) Movant's Fourth Amendment rights were violated by an illegal search and seizure; and (4) trial counsel was ineffective for failing to show Movant the plea agreement before he pleaded guilty." (Service Order 6/22/6, #359 at 1-2.)

Service of and an answer to this amended motion was ordered on June 22, 2006. (*Id.*) The service order further advised that "Movant may file a reply within thirty (30) days from the date of service of the answer." (*Id.* at 3.)

**Answer** - On July 28, 2006, Respondent filed its Answer (#360), arguing that the motion is barred under the one year limitations period provided for under 28 U.S.C. § 2255. Respondent argues that the Movant's conviction became final on March 31, 2005, 10 business days after entry of judgment. Therefore, even if the motion is deemed filed as of the signature date of the original motion, May 14, 2006, the motion is untimely. Respondent argues that

there are no "extraordinary circumstances" to entitle Movant to equitable tolling.

**Reply** - Movant has not filed a reply, and the time to reply has passed.

### III. APPLICATION OF LAW TO FACTS

**One Year Limitation** - As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year time limit for all applications for writs of habeas corpus. P.L. 104-132, at §§ 101 & 105. The statute of limitations applicable to habeas proceedings by federal prisoners has been codified at 28 U.S.C. § 2255, which provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> * * *
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> * * *

**Commencement of One Year** - A federal habeas petitioner's time to file under 28 U.S.C. §2255 generally begins to run on "the day on which the judgment of conviction becomes final." 28 U.S.C. §2255 (1). Although §2255 does not define "final", the Supreme Court has applied its ordinary standard of finality. "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

Where no appeal is sought, then the time begins to run "upon the expiration of the time during which she could have sought review by direct appeal." *U.S. v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). A federal criminal defendant has ten days after "entry" of the judgment being appealed to file a notice of appeal. Fed. R. App. P. 4(b). In calculating those ten days, the Court must exclude intervening "Saturdays, Sundays, and legal holidays." Fed.R.App.P. 26(a)(2) (as amended effective 12/1/02.) "Entry" of a judgment occurs not upon pronouncement, or signing, but upon docketing by the clerk of the court. *See Manson v. U.S.*,

1    288 F.2d 807 (9th Cir. 1961).

2        In this case, Movant's Judgment was pronounced on, and deemed by the Clerk of this
3    Court to have been filed on, March 14, 2005. (M.E. 3/14/05, #261.) However, it was actually
4    docketed on March 17, 2005. (*See* Docket Entry #262.) Accordingly, Movant's conviction
5    became final ten business days after March 17, 2005, after expiration of his time for filing a
6    notice of appeal, *i.e.* on March 31, 2005.

7        <u>Newly Recognized Rights</u> - Movant's original Motion argued that he was not required
8    to meet the one year limitations period because of the recent decision in *Blakely v.*
9    *Washington,* 542 U.S. 296 (2004), decided August 23, 2004. A motion to vacate based upon
10   a "newly recognized" right can provide a later commencement date. 28 U.S.C. § 2255(3).
11   However, *Blakely* was decided long before Movant's conviction became final, as was it federal
12   sentencing counterpart, *U.S. v. Booker,* 125 S.Ct. 738 (2005), decided January 12, 2005.
13   Moreover, neither of those cases has been "made retroactively applicable to cases on collateral
14   review". 28 U.S.C. § 2255(3); *Schardt v. Payne,* 414 F.3d 1025, 1036 (9th Cir.2005)
15   (*Blakely* not retroactive); *U.S. v. Cruz*; 423 F.3d 1119, 1120 (9th Cir. 2005) (*Booker* not
16   retroactive).

17       **<u>Expiration of One Year</u>** - Movant's one year began running on April 1, 2005, and
18   expired one year later on March 31, 2006.

19       **<u>Filing Date</u>** - Movant's current Amended Motion (#358) was filed June 14, 2006,
20   some two and one half months after his one year had expired.

21       <u>Prisoner Mailbox Rule</u> - Arguably, Movant is entitled to the "prisoner mailbox rule,"
22   which deem's a prisoner's petitions filed as of the time they are delivered to prison officials
23   for filing. *See Stillman v. LaMarque,* 319 F.3d 1199 (9th Cir. 2003). Movant's Amended
24   Motion (#358) was dated June 12, 2006, making that the earliest possible "mailing" date, and
25   leaving it untimely even with application of the mailbox rule.

26       <u>Relation Back</u> - An amended motion to vacate may relate back in time to the filing of
27   an earlier motion, "[s]o long as the original and amended petitions state claims that are tied to
28   a common core of operative facts." *Mayle v. Felix,* 125 S.Ct. 2562, 2574 -2575 (2005)

- 4 -

(applying relation back rule to state habeas petitions). *See U.S. v. Hernandez,* 436 F.3d 851, 857 (8th Cir. 2006) (extending *Mayle* to 2255 motion to vacate). Again applying the "prisoner mailbox rule," Movant's motion could relate back, at the earliest, to the execution of his original Motion (#354) on May 14, 2006. This was still over 40 days after his one year had expired.

**Equitable Tolling** - In *U.S. v. Battles*, 362 F.3d 1195 (9th Cir. 2004), the Ninth Circuit held the statute of limitations under 28 U.S.C. § 2255 may be equitably tolled. To be entitled to such tolling, Movant must "demonstrate that 'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" *Id.* at 1197 (quoting *Laws v. LaMarque,* 351 F.3d 919, 922 (9th Cir. 2003)).

Movant has not expressly asserted any grounds for equitable tolling. At best, his Amended Motion argues that he "just noticed] that the 4th [Amendment applies] in his cause." (#358 at 5, ¶ 13.) However, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999). Movant offers nothing to show that his circumstances were "extraordinary" so as to justify application of equitable tolling.

**Conclusion** - Movant's motion is untimely under the limitations period contained in 28 U.S.C. § 2255, and therefore muse be dismissed with prejudice.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 14, 2006 (#358) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate*

1  *Procedure*, should not be filed until entry of the district court's judgment.

2  However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall
3  have ten (10) days from the date of service of a copy of this recommendation within which to
4  file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section
5  2255 Proceedings. Thereafter, the parties have ten (10) days within which to file a response
6  to the objections.  Failure to timely file objections to any factual or legal determinations of
7  the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of
8  the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

10  DATED: September 15, 2006                                   _____
                                                                                    JAY R. IRWIN
11                                                                          United States Magistrate Judge
   S:\Drafts\OutBox\03-1188-556r RR 06 09 12 ra HC.wpd

- 6 -